## AXT v. LONDON & LANCASHIRE INDEMNITY CO. OF AMERICA (two cases).

### Nos. 7983, 7984.

Circuit Court of Appeals, Seventh Circuit.
Nov. 17, 1942.

Gerald P. Hayes and John A. Kluwin, both of Milwaukee, Wis., for appellant.

Walter D. Corrigan, Sr., Francis H. Parson, and Thomas M. Corrigan, all of Milwaukee, Wis., for appellee.

Before EVANS, SPARKS, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

August Axt, herein referred to as the plaintiff, sued the defendant, London & Lancashire Indemnity Company of America, herein referred to as the defendant, upon a policy of insurance against robbery inside the premises and outside. Plaintiff recovered judgment on the first count of the complaint, which sought recovery for liability for robbery inside the premises, and no question is raised here on that count.

On the second count, the plaintiff recovered $10,000 for robbery outside the premises, and from judgment for this amount on this count, the defendant has appealed.

There was a third count, by which the plaintiff sought reformation of the contract. The court found against the plaintiff and denied reformation, and from this judgment the plaintiff has prosecuted a cross-appeal. The parties agree that if the judgment is affirmed on the second count, the cross-appeal is of no moment and need not be further considered.

We now consider the judgment on the second count. There is no dispute as to the facts. The trial court found that the defendant on March 29, 1940, issued to the plaintiff its policy of insurance against loss by robbery. The policy defined robbery as follows: " * * * a felonious and forcible taking of property by violence inflicted upon a custodian, or by putting him in fear of violence. * * *"

Premises were defined as follows: " 'Premises' as used in this Policy shall mean the interior of that portion of the building designated in Item 3 of the Declarations which is occupied solely by the Assured in conducting his business."

Item 3 referred to reads as follows: "Item 3. The portion of the building occupied solely by the Assured in conducting his business and herein called 'the premises' is Rooms 211–213, M and M Bank Building."

On October 5, 1940, while the policy was in effect, the plaintiff, a diamond merchant, occupied solely in the conduct of his business Rooms 211 and 213 in the M and M Bank Building in Milwaukee. These rooms were part of a three-room suite, but Room 212 was occupied solely by one Biebler. Plaintiff and Biebler used Room 211 as an entrance to their respective rooms, 213 and 212. Plaintiff's lease covered only Rooms 211 and 213. Biebler's lease covered only Room 212, but he used Room 211 as an entrance to his Room 212. There was no connection between the occupancy of Rooms 211 and 213 by the plaintiff and Room 212 by Biebler except the use in common of Room 211.

On October 5, 1940 three robbers entered Room 211 and then went into Room 213, where they robbed the plaintiff of some merchandise inside that room. The robbers then taped the plaintiff and forced him out of Room 213, across Room 211 and into Room 212, which as we have said was occupied solely by Biebler, and there robbed the plaintiff of certain diamonds he carried in a wallet on his person. The value of the diamonds was in excess of $20,000.

The trial court found that the taking of the diamonds from the person of the plaintiff while held in fear and in the custody of the robbers in Biebler's room, Room 212, was a robbery outside of the premises within the meaning of the policy.

The defendant contends that it was one robbery and that it was all inside; that what took place in Biebler's Room 212 was

only a continuation of one and the same robbery which began in Room 213. That might possibly be true if we were considering the crime of robbery, but we are now considering the contract which the defendant drew.

 If this robbery was inside the premises of the plaintiff, then he is not entitled to recover on the second count for an "outside the premises" robbery. This leads us to a consideration of what is meant by the "premises." From the terms of the policy, which are clear and unambiguous, we must gather the meaning of the word "premises." No case has been decided, as far as we can find, that has passed upon this precise question.

 "Premises," as defined in the policy, means the interior of Rooms 211 and 213, M and M Bank Building, which were occupied solely by the assured in conducting his business. When the diamonds were taken by the robbers from the person of the plaintiff, they were not in the interior of Rooms 211 and 213. They were inside Room 212, over which the plaintiff had no control. Since this part of the robbery was outside the interior of Rooms 211 and 213 of the M and M Bank Building, it was outside the premises of the plaintiff and inside the premises over which the plaintiff had no control, and therefore it was a robbery outside the premises within the meaning of the policy.

The judgment on the second count was proper, and we do not find it necessary to consider the cross-appeal. The judgment of the District Court is affirmed.