ASSOCIATED INDEMNITY CORPORA-
TION, Appellant,

v.

NATIONAL SURETY CORPORATION,
Appellee.

No. 12920.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 15, 1956.

Rehearing Dismissed March 14, 1956.

Carl Wright Johnson, Nat L. Hardy, San Antonio, for appellant.

Birkhead, Beckmann, Stanard, Vance & Wood, San Antonio, for appellee.

NORVELL, Justice.

On September 7, 1948, Dave Pippin, an employe of Gaines Drilling Company, was killed while helping to load and move certain heavy oil field equipment. The accident occurred near Poth in Wilson County, Texas. The Gaines Drilling Company had engaged Roy E. Gaines, doing business as Gaines Brothers, to transport its equipment and tools to La Salle County, Texas. The transport company and the drilling company were separately owned and, in order to prevent confusion, we will refer to Gaines Drilling Company as the drilling company and, Gaines Brothers, as the trucking company.

The trucking company carried two policies of insurance which were in force at the time Pippin was killed. One was an automobile liability policy, which describes the insured trucking company as an "Oil Field Truckman" and covers its vehicles while engaged in loading and unloading operations. This policy was issued by appellee, National Surety Corporation, and it is undisputed that the policy covered the liability asserted against the trucking company. The other policy was designated as a General Liability Policy and was issued by appellant, Associated Indemnity Corporation. The question presented by this appeal relates to the extent of the coverage of this policy.

The appellee settled a suit brought against the trucking company by the heirs and legal representatives of Dave Pippin by paying the sum of $24,000, and costs of suit. Before doing so, however, it received a letter from a representative of appellant, Associated Indemnity Corporation, which, while denying that the coverage of appellant's policy extended to the particular accident, contained the following agreement:

"* * * we agree that the only matter to be litigated between National Surety Corporation and Associated Indemnity Corporation will be whether our policy afforded coverage to Roy Gaines, d/b/a Gaines Brothers, for the accident in question and if it is judicially determined that it did afford coverage, we will contribute our prorata part, as determined by the policy provisions, of the amount up to $24,000 and court costs theretofore paid by you in making the settlement."

The district judge, after a hearing without a jury, held that appellant was liable under its General Liability Policy and rendered judgment in favor of appellee and against appellant for $12,024.02, in accordance with the terms of this agreement and the provisions of the policies relating to contribution between co-insurers.

The policy issued by appellant contained the following insuring agreement:

"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any persons or persons, caused by accident and arising out of the hazards hereinafter defined."

Under definition of hazards appeared the following clause:

"Division 1—Premises—Operations. The ownership, maintenance, or use of the premises, and all operations during the policy period which are necessary or incidental thereto."

The term premises was defined in the policy as follows:

"The unqualified word 'premises' wherever used in this policy shall mean (a) the premises designated in the declarations, including buildings and structures thereon and the ways immediately adjoining, and (b) when a territory is designated in the declarations in addition to a specific location, places within said territory while used by or on behalf of the named insured, except public ways used in common with others."

It was further provided under the "Exclusions" of the policy that the coverage should not apply, " * * * under division 1 of the Definition of Hazards, to * * vehicles of any kind, including the loading and unloading thereof, while away from the premises * * *."

Item No. 4 of the printed policy form relates to "Definition of Hazards and Premium Bases" which is divided into "Division 1(a). Premises—Owners', Landlords', and Tenants'" and "Division 1(b). Operations—Manufacturers' and Contractors'." Typewritten in the spaces below both Divisions 1(a) and 1(b) appear the words, "See Attached Schedule."

■ The schedule in turn contained the words, "State of Texas," as designating the "premises" and "operations" to which the policy was applicable. Under the dictionary definitions of the word "premises" a tract of land may be intended, as when used in a conveyance, or a building located upon land, as is generally the case in a fire insurance policy. Webster's New International Dictionary. Here we have a territorial designation, namely, the State of Texas. As the word "premises" indicates a location, or something similar thereto, it seems that any job site within the State of Texas where the trucking company is engaged in operations would satisfy the policy requirements of the definition of "premises" contained in subdivision (a) thereof. This is appellee's suggested construction of the policy, which was evidently adopted by the trial court. We agree with this view. The form of the printed policy may suggest that a specific designation of a building or structure should be made. However, neither the main office of headquarters of the insured, located at Sinton, Texas, nor the branch office in Alice, was designated as the "premises" covered by the policy, and for the Court to now so designate them would be to add to and remake the agreement of the parties.

■■ In arriving at the conclusion we apply the well known rule of construction, that "language of a policy (of insurance) which is susceptible of more than one construction should be interpreted strictly against the insurer and liberally in favor of the insured." 24 Tex.Jur. 705, § 29. Had appellant desired to restrict the coverage of its policy to the "premises" occupied by insured's offices and attendant facilities located in Sinton or Alice, Texas, it could have so expressly provided in its policy. Not having done so, a liberal construction in favor of the insured requires that the policy be interpreted so as to include not only the offices but the job sites within the State of Texas where the trucking company

carried on operations. New Orleans Ins. Co. v. Gordon, 68 Tex. 144, 3 S.W. 718; United Service Automobile Ass'n v. Miles, 139 Tex. 138, 161 S.W.2d 1048; Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379. Appellant argues that the rule of strict construction against the insurer is inapplicable in this case because the party contending for the application of the rule is itself an insurance company. However, appellee's claim against appellant is based upon its right of subrogation to the insured trucking company. If appellant is liable to Gaines Brothers, the appellant is likewise liable to appellee under the "other insurance" clause of its policy. Traders & General Ins. Co. v. Hicks Rubber Co., 140 Tex. 586, 169 S.W.2d 142.

 We might also point out that under Item 1 of the policy the name of the insured is given as "Roy E. Gaines, doing business as Gaines Brothers, Address, Box 182, Sinton, Texas." If this address could be considered as the designation of a specific location, appellant's cause would not be aided, for then Subdivision (b) of the definition of "premises" would apply. The term, "State of Texas" would still constitute a territorial designation and the policy would be applicable to places within the State of Texas used by or on behalf of the trucking company. The final result reached by applying either subdivision (a) or (b) of the definition is the same, insofar as this case is concerned. The policy covered the job sites of the trucking company.

Nor do we construe the descriptive words printed in Item 4 of the policy as restricting the insuring clause of the contract so as to exclude the particular hazard here involved. The terms "Premises—Owners', Landlords', and Tenants'," and "Operations—Manufacturers' and Contractors'." are used generally to designate types of policies or coverage, but the contractual extent of the coverage must be determined primarily by the insuring clause and the exclusions thereto. It may well be that in the case of this particular policy the blank spaces in the form were not filled out in a manner contemplated by the person who designed the form. However that may be, the meaning of the policy and the extent of its coverage may be determined by applying well-established rules applicable to the construction of insurance contracts.

All of appellant's points have been considered. We are of the opinion that none of them presents a reversible error and the judgment of the trial court is accordingly affirmed.