Opinion approved by the Court.

**COOPER BUTANE COMPANY, Limited, et al., Appellants,**

**v.**

**PAN AMERICAN INSURANCE COMPANY, Appellee.**

**No. 6883.**

Court of Civil Appeals of Texas.

Texarkana.

May 17, 1956.

Rehearing Denied June 14, 1956.

Hardy Moore, Paris, B. Truman Ratliff, Cooper, for appellants.

Allen Clark, Greenville, for appellee.

DAVIS, Justice.

This is a suit by Pan American Insurance Company, hereinafter referred to as Pan American, for declaratory judgment against Cooper Butane Company, Ltd., a partnership composed of R. C. Harber and Clinton Miller; John McCombs and wife, Adelle McCombs; Don McCombs; and Mrs. Hattie Mae McCombs, a widow, to construe a manufacturers' and contractors' insurance policy. The policy was issued by Pan American to Cooper Butane Company on May 26, 1954.

On July 30, 1954, Carolyn Ann McCombs, the 13-year old daughter of John and Adelle McCombs, was allegedly asphyxiated when she was lowered into a water cistern upon the premises of John McCombs and wife for the purpose of cleaning said cistern. It is alleged that the asphyxiation was caused by butane gas that had escaped from a butane gas tank as a result of the negligence of an employee of Cooper Butane Company in making certain repairs on said tank. After Carolyn Ann McCombs was allegedly asphyxiated, her uncle, Elmer McCombs, was lowered into said cistern to rescue his niece, and he, too, was allegedly asphyxiated. Suits have been filed against Cooper Butane Company in the District Court of Delta County by the heirs of Carolyn Ann and Elmer, alleging negligence on the part of an employee of Cooper Butane Company in making repairs on John McCombs' butane gas tank.

Pan American contended in its petition for declaratory judgment that liability under its policy issued to the Cooper Butane Company was limited to "Premises operations", only, of Cooper Butane Company located at 120 N.W. First Street in the City of Cooper, Texas. The case was tried in the District Court upon the theory that the employee of Cooper Butane Company had completed repairing the butane tank belonging to John McCombs and wife, and that under the terms of the policy, Pan American was not liable because the last work done on said tank was on July 26, 1954, the job was completed and abandoned, and the deaths did not occur until July 30, 1954. Judgment was rendered by the trial court on this theory; although, there was no pleading by Pan American in support of said contention. From that judgment of the trial court holding that Pan American was not liable under the policy for the damages alleged, Cooper Butane Company has appealed. One point of error is brought forward in which it contends that the repairs on July 26, 1954, had not been completed because such repairs had not been inspected prior to the time of the alleged injuries.

On page 1 of the policy under the heading "Purposes of Use," Item 4, Div. 1, reads as follows:

"Premises—Operations. Location of Premises by Street and Number, Town and Class of Operations:

"Liquefied Petroleum Gas Distribution—including installation, servicing and repair of liquefied petroleum gas systems, piping and customers' equipment with or without filling of containers (distribution of gas by pipe line, gas mains or piping to be separately rated) * * *."

From the colon to the end of quotation was typed in at the time the policy was issued. The policy indicates that premiums were charged for the above coverage. The "Premises—Operations" as used here in connection with this typed-in provision means premises *and* operations, not just operations on the premises at the street address of Cooper Butane Company.

On page 2 of said policy under provisions entitled "Definition of Hazards" in Division 4 we find the following:

"* * * (2) operations, if the accident occurs after such operations have been completed or abandoned, * * (c) operations for which the classification stated in Division 1 of Item 4 of the Declarations * * * specifically *includes completed operations; * * *.*" (Emphasis ours.)

■ The case was briefed in this Court on the theory that the policy specifically *"excluded"* completed operations. Other provisions in the policy indicate that "completed operations" were to be "excluded," but the policy does not so read. The law is too well settled that contracts of insurance must be strictly construed against the insurer to necessitate the citation of authorities.

■ Appellee, Pan American, introduced the policy of insurance in evidence without any limitation whatever, and it is bound by every statement and recitation contained therein. Lock v. Morris, Tex. Civ.App., 287 S.W.2d 500, and authorities cited therein.

■ ■ Appellee does not contend in this Court that the liability of appellee is limited to operations on the premises at the street address of Cooper Butane Company in the city of Cooper. It being the well-settled law of this state that in case of conflict, the written or typewritten provisions of an instrument controls over the printed portion therein, Hedick v. Lone Star Steel Co., Tex.Civ.App., 277 S.W.2d 925, writ ref., N.R.E., and authorities cited therein, the provisions of this policy that were typed in construed with Division 4, Definition of Hazard, specifically cover all operations, completed or incomplete, by Cooper Butane Company during the life of the policy, and the trial court was not authorized under the pleadings, the policy and the evidence to render the judgment which he did.

From the pleadings of the injured parties offered in evidence on the trial of this case, as well as other evidence, the damages, if any, were allegedly occasioned by the negligence of the employee of Cooper Butane Company prior to July 26, 1954. We do not mean to find as a fact that such is true, and specifically point out that the burden will be upon the injured parties to prove that the gas in the cistern was butane gas that had escaped from the tank in question and that it escaped prior to the time the repairs were completed on July 26, 1954, because the evidence shows, and it is admitted here by appellants, that there was not any leak from the butane tank after the repairs were completed on July 26, 1954, four days prior to the deaths of the parties. As we view the record, the injured parties are not claiming liability as the result of negligence in connection with repairs made on July 26, 1954, but are claiming damages as the result of repairs made prior to that time that were never completed. The repair made on July 26, 1954, was a new and independent repair job. If the policy "excluded" completed operations, the issues of fact raised by the pleading against Cooper Butane Company are issues that would have to be decided upon a trial of the cases on their merits, and Pan American has contracted in said policy to defend the suits.

Appellants' point of error is sustained, and the judgment of the trial court is reversed and judgment is here rendered that appellee take nothing.