## ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant,

v.

## Willis P. COLEMAN and Anne Wyles Coleman, d/b/a Lake Hamilton Marine Service, et al., Appellees.

### No. 17106.

United States Court of Appeals
Eighth Circuit.

April 19, 1963.

Rehearing Denied May 20, 1963.

Alston Jennings, Little Rock, Ark., made argument for appellant and filed brief.

———◆———

William H. Daggett, Marianna, Ark., made argument for appellees.

Daggett & Daggett, Marianna, Ark., attorneys for appellees Willis P. Coleman, Anne Wyles Coleman and Morgan Agar, filed brief with Catlett & Henderson, Little Rock, Ark., attorneys for appellees William T. Stover and others, and Eichenbaum, Scott & Miller, Little Rock, Ark., attorneys for appellee William T. Stover.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

This appeal is from a judgment dismissing appellant's complaint seeking a declaratory judgment that the "occurrence" hereinafter described is not within the scope of coverage provided by its "Manufacturer's and Contractor's Liability Policy" issued to "Willis P. and Anne Wyles Coleman, d/b/a Lake Hamilton Marine Service" as named insured.

The primary issue presented herein is whether the District Court erred in not declaring such "occurrence" happened away from "premises owned, rented or controlled" by its named insured, and therefore within exclusions of the "Products—Completed Operations" coverage as defined in that liability policy. Concededly, under the policy here in suit, appellant assumed no liability for "Products—Completed Operations." Appellees do not assert that it did. They affirm that the "occurrence" in question arose from "business operations" hazards created by appellant's "Named Insured" in relation to the "ownership, maintenance or *use* of premises and *all* operations," as those hazards are defined and coverage provided therefor in appellant's policy.

Since there is no dispute between the parties as to the facts leading up to the "occurrence" in question; and District Judge Miller in his memorandum opinion, found at 204 F.Supp. 713, has set forth all the stipulated facts giving rise thereto, as well as a verbatim copy of the relevant "coverage" and "Insuring agreements" contained in the policy of insurance here to be considered, we appropriate his statement of the facts there made and incorporate the same herein by reference—thereby shortening what would otherwise require an extended opinion from us in the disposition of this appeal.

But, to give some continuity to the instant opinion, we think these background facts should be related: On June 6, 1961, an inboard motorboat owned by William T. Stover caught fire and burned on Lake Hamilton, near Hot Springs National Park, Arkansas. Seven passengers were in that boat, in addition to Stover. All the occupants thereof suffered personal injuries as a result of the fire. As a consequence, suits were filed in the courts of the State of Arkansas by all those injured parties, naming appellee Willis P. Coleman, d/b/a Lake Hamilton Marine Service, and Morgan Agar, an employee of Coleman, as defendants. It was alleged in each of the complaints filed in those lawsuits that the fire and resulting injuries to the occupants of the boat were proximately caused by negligence on the part of Agar, which specific claim of negligence was imputed to Coleman, appellant's named insured. In due course, Coleman called upon appellant to defend the lawsuits arising out of that "occurrence" and to pay any judgments that might be recovered in the actions commenced against him, up to the limits of liability provided by its policy. Appellant, after denying that the "occurrence" was within the coverage of its policy, brought the instant action in the United States District Court for the Western District of Arkansas, seeking a declaratory judgment to have that issue determined with finality. The District Court denied appellant declaratory relief as prayed. It ruled that under the particular circumstances here established, coverage for the above "occurrence" was provided by appellant's insurance policy.

The agreed-to facts establish that, prior to the fire, Stover had moored his boat at Coleman's boat-dock for the purpose of refueling. Agar, Coleman's em-

ployee, acting in the scope of his employment, undertook to perform that operation. In so doing, when he removed the cap from the gas tank of Stover's boat, he also disconnected the pipe between the cap and the gasoline tank. As a consequence, in performing the operation of refueling, a portion of the intended fuel missed the tank and ran down into the bilge of the boat. It is Agar's negligent performance of that operation which is asserted by appellees to be the proximate cause of their injuries and a "hazard" within the ambit of "Premises—Operations" coverage afforded by appellant's policy.

The gist of appellant's assertion of non-coverage for the "occurrence" is that the above facts establish appellees' claims to be within the "Products—Completed Operations" coverage of its policy. That coverage has an exclusion contained therein that "if the accident occurs after possession of such goods or products (i. e. those 'manufactured, sold, handled or distributed by the Named Insured') has been relinquished to others * * * and if an accident occurs away from premises owned, rented or controlled by the Named Insured" coverage for such an "occurrence" is not afforded by its policy. Appellant factually buttresses its argument as to that contention in item 10 of the stipulated facts (l. c. 716) and "Division 4 * * * Products—Completed Operations" (l. c. 718) set forth in Judge Miller's opinion, supra. That is to say * * * solely because Stover's boat had drifted a distance of seventy-three feet from the dock when it caught fire as a result of the negligent refueling "operation" by Agar, appellant contends that such "occurrence" was not on property "owned, rented or controlled" by the named insured. However, appellant conceeds that Coleman at times had "used the waters" of Lake Hamilton where the fire occurred, for the "mooring" of boats and had a right to so use those waters in the "operations" of his "business". But it says, "such right of use does not establish that Coleman 'controlled' the waters" where the fire occurred. It is

from that singular premise of "control" that appellant asserts "non-coverage" under its liability policy. We do not believe that the place where the Stover boat was located when it caught fire as a result of Agar's negligence, is decisive of appellant's liability coverage under the facts here and the insuring provisions of its policy.

To bring that basic issue into clearer mental focus it should be noted that there are several different classifications or "divisions" of risks set forth in appellant's policy as reproduced at 204 F.Supp., l. c. 717. We are here concerned only with "Premises—Operations" and "Products—Completed Operations." It should be clearly understood that appellees make no claim of coverage under appellant's policy for "Products—Completed Operations" hazard as defined therein. It is appellant alone who undertakes to steer the personal injury claims made against its "Named Insured" into that channel of coverage. It asserts that the decision of the District Court is premised in a ruling that coverage for the above "occurrence" was within "Products—Completed Operations" because the opinion of the trial court contains the statement that "the gasoline was never delivered to the operator of the boat" and that "as a practical matter the gasoline" that found its way into "the bilge of the boat could not be construed as being in possession of the operator of the boat." As a consequence, appellant states:

"In spite of these statements, (by the District Court) it seems quite clear that the accident occurred 'after possession of such goods or products has (sic) been relinquished to others by the Named Insured,' and, if the injured parties alleged a claim against the insured because of the *nature* or *condition* of the Product, it would still be necessary to determine only whether the *accident* occurred 'away from the premises owned, rented or controlled by the Named Insured,' *which is the same question presented under the 'Com-*

*pleted Operations' hazard" of its policy.* (Par. and Emp. added.)

We consider the above argument to be not only a misinterpretation of Judge Miller's opinion, supra, but also the italicized parts thereof are an erroneous interpretation of the "Insuring Agreements" contained in its policy of insurance. First, because the appellees do not make any claim that they were injured "because of the *nature* or *condition*" of the gasoline sold to Stover. Secondly, it appears from Judge Miller's opinion that he found the negligent act of Agar which occurred at Coleman's dock to be in relation to "Business Operations" of Coleman, and that such was the proximate cause of the fire and injury to those in Stover's boat. True, his opinion contains the statements *ante*, but it is apparent from his opinion considered as a whole that such statements were made in relation to his consideration of the facts, that the fire occurred within the confines of an area of the waters of Lake Hamilton used by Coleman in doing business as "Lake Hamilton Marine Service." That is, in an area where Coleman had "moored" boats of some customers in the course of his business operations. We need not sound out the "area" of Coleman's business operations as Judge Miller apparently did. All we here note is that the "location of all premises owned, rented or controlled by the Named Insured" is not defined in appellant's policy. From the facts in the case at bar, a reasonable inference can be made that the policy as issued was intended to cover all of Coleman's business "operations"; and that appellant knew or should have known that he "used" the waters of Lake Hamilton where the fire occurred, in the operations of his business and had a right to do so. Regardless, the place where the fire "occurred" is not here controlling under the "Premises—Operations" coverage afforded by appellant's policy.

■ An examination of the divisions of coverage of that policy reveals "Premises—Operations" to be a hazard and risk listed separate and apart from "Products—Completed Operations." That establishes that there is a recognized difference between those two defined coverages. Such difference is further recognized in the fact that the policy provides for a different rate of premium to be paid for those divisions of coverage. Further, in the "Definition of Hazards" (204 F.Supp., l. c. 718) as related to "Premises—Operations," the policy specifically reveals that hazards insured thereunder are related to "the ownership, maintenance or *use* of premises, and *all operations.*" (Emp. added.) From this latter provision alone it is established that the term "all operations" was intended to include "activities" performed in relation to "use of premises" by the named insured in relation to his business operations, namely: "Boat Yards—Public—including sale of boats, accessories, gasoline and oil, boat building and repair—Boat storage and moorage including ship or dock rental" as defined in the declaration of the Policy. As to the above-stated "Premises—Operations" hazards, there is no provision of the policy coupling the definition thereof with that of "Products—Completed Operations." Appellant by its brief does not undertake to factually demonstrate that "Premises—Operations" and "Products—Completed Operations" are correlated, defined hazards. All that it does is articulate "that the same question presented under the Products—Completed Operations of its policy applies to Premises—Operations." We do not believe its policy is subject to that interpretation.

■ Under the terms of appellant's policy, "Products—Completed Operations" is the *only* coverage related to "away from premises" exclusion. There is no such limitation or exclusion from coverage as to "Premises—Operations." Appellant's attempt to read that limitation into the "Premises—Operations" coverage is not justified by any rule of construction known to us. An unbiased reading of appellant's policy must convince a reasonable mind that such is not a proper legal interpretation thereof.

For certain, the most that can be said regarding appellant's contention is, that if its policy is to be so construed, then it is certainly "ambiguous" and any such ambiguity is to be resolved against it. O'Connor v. Great Lakes Pipe Line Co., 63 F.2d 523 (8 Cir. 1933); Axt v. London & Lancaster Indemnity Co., 7 Cir., 131 F.2d 370; Zurich General Accident & Liability Co. v. Simms, 194 Ark. 676, 109 S.W.2d 933. We reject appellant's contention that coverage for the "occurrence" in question is within "Products—Completed Operations" hazards as defined in its policy; and, that the exclusions relating to that hazard are to be read into the "Premises—Operations" coverage of its policy.

The sum and substance of appellant's contention of noncoverage under the latter hazard is that * * * assuming the gasoline transferred from Coleman's pumps to Stover's boat by Agar was a negligent operation, yet it says the fire resulting from that operation, having occurred after Stover's boat moved some seventy feet from the Coleman dock, was not within the coverage of its policy because it was "away from the premises owned, rented or controlled by the Named Insured." That is tantamount to saying that negligent "Premises—Operations" being the proximate cause of an injury is the same as "Products—Completed Operations." That is not so. The differences between "Premises—Operations" and "Products—Completed Operations" are clearly defined as separate hazards in appellant's policy. By the terms thereof a specific exclusion appears for occurrences away from premises when related to "Products—Completed Operations" hazards. But language so providing does not avoid coverage provided therein for the specifically defined "Premises—Operations" hazard. Appellant has not sustained the burden of establishing that the negligent "Premises—Operation" performed by Agar, which is established to be the proximate cause of the "occurrence" in question, is excluded from coverage under its policy. Zurich General Accident & Liability Ins. Co., Ltd. v. Simms, supra.

Appellant's contention that the exclusion, "away from the premises owned, rented or controlled" by its "Named Insured" should be construed as being within the coverage of "Premises—Operations" hazards afforded by its policy under the facts here is wholly without merit. Cf. Employer's Liability Assurance Corp., Ltd. v. Youghiogheny & Ohio Coal Co., 214 F.2d 418 (8 Cir. 1954) affirming 114 F.Supp. 472; Southwestern Indemnity Co. v. National Surety Corp., 277 F.2d 545 (5 Cir. 1960); Traders & General Ins. Co. v. Rudco Oil & Gas Co., 129 F.2d 621, 142 A.L.R. 799 (10 Cir. 1942); Clauss and Sons v. American Automobile and Insurance Co., 175 F.Supp. 641 (E.D.Penna.1959); American Fidelity & Cas. Co. v. Traders & General Insurance Co., 160 Tex. 554, 334 S.W.2d 772 (Texas, 1959); Associated Indemnity Corp. v. National Surety Corp., 287 S.W.2d 714 (Tex.Civ.App.1956); Cooper Butane Co., Ltd. v. Pan American Insurance Co., 290 S.W.2d 919 (Tex.Civ.App. 1956).

Affirmed.