BERNARD COBBINS, a minor, by DOROTHY COBBINS, his mother and next friend, Plaintiff-Appellant, *v.* GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD. *et al.,* Defendants-Appellees.

(No. 54739;

First District—January 25, 1972.

*Rehearing denied February 22, 1972.*

STAMOS, J., concurring.

Herman & Tannebaum, of Chicago (William S. Keck and Sidney Z. Karasik, of counsel,) for appellant.

Richard C. Bleloch, of Chicago, for appellees.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

This appeal is to review a summary judgment entered in a suit brought under the Declaratory Judgment Act. (Ill. Rev. Stat. 1969, ch. 110, par. 57.1.) The plaintiff, Bernard Cobbins, a minor, by Dorothy Cobbins, his mother and next friend, prayed for a declaratory judgment construing an insurance policy. The defendants were General Accident Fire & Life Assurance Corporation, Ltd. and M. Fingerhut, d/b/a Coral Stores. No issue of fact is involved.

I.

In 1964 Fingerhut owned a variety store at 4040 West Roosevelt Road in Chicago. For a three-year period which began on February 15, 1963, he was insured by an owners-landlords-tenants liability policy issued by General Accident. Among other things, Fingerhut sold fireworks in his store. Under the provisions of Ill. Rev. Stat. 1963, ch. 127½, par. 112, it was "[u]nlawful for anyone to sell fireworks of any kind at any time to children under age of twelve (12) years without the consent of their

parents." On July 4, 1964, plaintiff Bernard Cobbins, then 11 years of age, went to Fingerhut's variety store and purchased a kind of fireworks, sparklers, which he took to the yard of his home. There he lit them. A spark ignited his shirt and he suffered permanent injuries from resulting burns. In the suit later filed to recover for his injuries, plaintiff alleged that in selling the fireworks in violation of a statute, Fingerhut was guilty of negligence; that he carelessly and negligently failed to post a warning regarding the dangerous propensities of the fireworks; that he carelessly and negligently sold an inherently dangerous product to minors; that he carelessly and negligently failed to ascertain plaintiff's age and knowledge of fireworks prior to the sale and that Fingerhut was negligent in selling fireworks in violation of two other sections of chapter 127½.

Under a division captioned "Defense, Settlement, Supplementary Payments," Fingerhut's insurance policy with General Accident provides that "[w]ith respect to such insurance as is afforded by this policy for bodily injury liability * * * the company shall: (a) defend any suit against the insured alleging such injury * * * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent * * *." When Fingerhut tendered plaintiff's suit, General Accident refused to defend it on the ground that a "products-completed operations" exclusion applied to an injury which occurred away from the insured premises and after Fingerhut had relinquished the product (the fireworks). Thereafter, on August 20, 1964, Fingerhut paid an additional premium and obtained coverage for products liability and completed operations.

Following General Accident's refusal to defend the suit, plaintiff filed the complaint for declaratory judgment. He alleged issuance of the policy to Fingerhut by General Accident, sale of the fireworks to him by Fingerhut, the resulting injury in the yard of his home, filing of the suit and General Accident's refusal to defend. Plaintiff alleged that there existed an actual controversy between him and defendants, General Accident and Fingerhut. He prayed that the trial "[c]ourt find and declare that the defendant, M. Fingerhut, * * * is an 'insured' and is entitled to the benefits and protection of the said policy of insurance, * * * entitled to be defended in the lawsuit described * * * and further, that defendant General Accident * * * be found obligated to pay any judgment entered against the defendant, M. Fingerhut, * * * up to the limits provided in the bodily injury coverage." General Accident moved to dismiss the complaint on the ground, among others, that plaintiff had no standing to bring the suit. The motion was denied; and thereafter, Fingerhut filed an answer which concluded with the prayer (consistent with plaintiff's) that "[t]his court find and declare that the

defendant M. Fingerhut, * * * is an 'insured' and is entitled to the benefits and protection of the said policy of insurance * * * that defendant General Accident * * * be found obligated to pay any judgment entered against the said defendant M. Fingerhut, * * * up to the limits provided in the bodily injury coverage * * *."

General Accident answered the complaint; and then, supported by affidavit, it moved for entry of a summary judgment on the ground that "[t]he subsequent injury claimed by the plaintiff resulting from the use of those fireworks, was not within the terms of the insurance policy in force and in effect at the time of the sale, and at the time of the accident involved herein." In its supporting affidavit General Accident alleged that "[t]here was no insurance for Product Liability, or Completed Operations in effect at the time of the alleged sale, and at the time of the alleged injury involved herein." After receiving briefs, the trial judge granted the motion. The sole issue is whether plaintiff's complaint in the personal injury suit against Fingerhut stated a cause of action within the scope and coverage of the insurance policy in question.

## II.

■■ Determination of this issue depends on the allegations of the complaint and the provisions of the insurance policy. (*Maretti v. Midland National Insurance Company*, 42 Ill.App.2d 17, 190 N.E.2d 597; *Thompson v. Glover*, 115 Ill.App.2d 253, 253 N.E.2d 132; *Allstate Insurance Company v. Gleason*, 50 Ill.App.2d 207, 214, 200 N.E.2d 383.) Looking at the complaint, there are allegations that in the operation of his variety store, Fingerhut negligently sold fireworks to the plaintiff; that later, in the yard of his home, a spark from the fireworks ignited his clothes and he was burned. Looking at the insurance policy, there are provisions intended to cover Fingerhut from any bodily injury liability caused by accident arising out of his ownership, maintenance or use of the insured premises, and all operations incidental thereto. In sum, the subject of the insurance contract was Fingerhut's variety store, the premises and its operation.

From these facts, plaintiff contends that the cause of action he alleged against Fingerhut was covered by the policy because it was predicated on negligence which occurred on the insured premises, namely the alleged negligent sale of the fireworks. Therefore, plaintiff argues, General Accident was obligated to defend his suit against Fingerhut.

General Accident, on the other hand, contends that since the accident arose out of the use of a product (sparklers), and since the injuries were sustained away from Fingerhut's premises, the accident fell squarely within the products hazard. It argues that at the time of the accident, there was no coverage for what occurred because the policy excluded

hazards from the sale or handling of products. The coverage afforded by the policy was for "premises-operations" hazards. Thus, it is insisted, the accident was not covered by the policy and General Accident is not obligated to defend Fingerhut in the personal injury suit.

■■■ In this state, as in many jurisdictions, products liability is a tort which makes a manufacturer liable if his product has a defective condition that makes it unreasonably dangerous to the user or consumer. (*Suvada v. White Motor Company,* 32 Ill.2d 612, 210 N.E.2d 182; compare *Cunningham v. MacNeal Memorial Hospital,* 47 Ill.2d 443, 266 N.E.2d 897; see Restatement of Torts 3d, § 402A (1964).) To state a cause of action based on products liability, plaintiff must allege facts which would show a defective product and injury caused by the defect. (*Sweeney v. Matthews,* 94 Ill.App.2d 6, 236 N.E.2d 439, aff'd, 46 Ill.2d 64, 264 N.E.2d 170.) It has been held that a complaint, like the one at bar, alleging negligence committed on the insured premises, does not state a case which falls within a products-completed operations exclusion. In *McGinnis v. Fidelity & Casualty Company of New York,* (1969), 80 Cal.Rptr. 482, 276 Cal.App.2d 15, an insured, operator of a retail store, sold gunpowder to a minor in violation of a statute. The minor took the gunpowder to the home of a friend where it exploded, injuring him severely. The retailer was insured by an insurance policy which had the same products-completed operations exclusion with which we are here concerned. In a suit against the insurer after the minor recovered a judgment against the insured, the insurer made the contention that General Accident makes in this appeal. The California court, 80 Cal.Rptr. 482 at 484, in rejecting the insurer's contention that the products-completed operations exclusion precluded coverage, said:

"The storekeeper in a products liability case is usually an innocent link in the chain of distribution who unknowingly sells a defective product. His liability does not stem from culpability; it is imposed by law as a matter of expedience. [Citations] The injury, here, was not caused by a defective product. The powder did exactly what it was designed to do, and what everyone expected it to do; it exploded when detonated. Consequently this is not a products liability case because no negligence can be attributed to the manufacturer. Stated another way, Piper [the store operator] was not an innocent link in the chain of distribution; he was negligent in selling to the minor, and his negligence was a proximate cause of the accident."

Similarly, this is not a products liability case. Plaintiff's allegations stated a cause of action against Fingerhut for his alleged negligence in selling plaintiff fireworks which later injured him. The acts of negligence, it was

claimed, were committed on the insured premises. Therefore, the products-completed operations hazard exclusion in the insurance policy had no application to the facts alleged in plaintiff's complaint. See *Gehrlein Tire Co. v. American Employers Insurance Co.* (W.D. Pa. 1964), 243 F.Supp. 577, aff'd, 348 F.2d 918 (3 Cir. 1965); *Thibodeaux v. Parks Equipment Company* (Ct.App.La. 1962), 140 So.2d 215; *Lessak v. Metropolitan Casualty Ins. Co. of New York* (1958), 168 Ohio St. 153, 151 N.E.2d 730.

This being so, the question, then, is whether Fingerhut's alleged negligent sale of fireworks to the plaintiff, in the insured premises (and the consequent injuries away from it), fell within the hazard contemplated in the coverage terms of the insurance policy. General Accident concedes that the policy protected Fingerhut from liability in damages for bodily injury "[c]aused by accident and arising out of the hazards hereinafter defined." It also concedes that the defined hazard was premises-operations: the ownership, maintenance, use and all necessary or incidental operations. In this policy, the crucial word in the coverage for bodily injury is "accident." The damages which General Accident undertook to pay on behalf of Fingerhut had to be "[b]ecause of bodily injury  *  *  *  caused by accident  *  *  *."

■■ The word "accident" has no settled legal meaning. (See *Farmers Elevator Mutual Insurance Co. v. Burch*, 38 Ill.App.2d 249, 252, 187 N.E.2d 12.) In an insurance policy like the one before us, it is used in the sense in which the word is commonly understood. Thus, "accident" may mean anything that happens, or that is a result not anticipated, is unforeseen and unexpected by the person injured or affected thereby; that is, something that takes place without the insured's foresight or expectation, without his design or without its being caused by him. (Couch on Insurance 2d § 41.6 (1962).) In this sense, we must decide whether the alleged negligent sale of fireworks to the plaintiff by Fingerhut was an accident, within the coverage terms of the policy. There is no Illinois precedent precisely on this question. Therefore, we must rely on analogous decisions from other jurisdictions.

In *Brant v. Citizens Mutual Automobile Insurance Co.*, 4 Mich.App. 596, 145 N.W.2d 410, an insurance company issued a comprehensive general liability insurance policy which covered the insured for legal liability arising out of accidents growing out of its business operations at or from its premises. The insured sold a gas space heater. The order called for one that could burn butane or liquid petroleum gas. In a complaint later filed, it was alleged that the insured negligently, or as a result of a breach of warranty, sold a natural gas heater; that the

heater, after it was connected to a butane or liquid petroleum gas supply in the purchaser's cottage, caused the death by asphyxiation of two persons. The insurance company refused to defend on the same ground that General Accident seeks to justify its refusal in this case: that the alleged injuries were not within the hazards of the insurance policy because of a "products liability-completed operations" exclusion. The Michigan court observed that in *Brant* there were two "accidents": one when the insured sold the wrong heater, the other when the natural gas heater was installed to the wrong type of gas supply. The court held that the first act of negligence (the wrong sale) was an accident which, it was alleged, was the proximate cause of the injury described in the suit against the insured. Therefore, the court concluded the insurance policy, despite its "products-completed operations" exclusion, could reasonably be construed to necessitate defense of the suit by the insurance company.

Shortly after *Brant* was decided, the same court had before it *Atkins v. Hartford Accident & Indemnity Company*, 7 Mich.App. 414, 151 N.W.2d 846. There, a pharmacist, covered by a comprehensive general liability policy with the same "products-completed operations" exclusion, was sued in a complaint that charged negligent sale of pills in the insured premises. As in this case, the insurer denied coverage on the ground that the "products-completed operations" exclusion applied. The court held that the policy covered injuries caused by "accident" on the premises of the insured; that the sale of the pills was an "accident" which occurred on the insured premises; therefore, the general liability provisions of the policy covered the bodily injuries alleged in the complaint, even though the injuries developed after the insured sold the pills.

In *St. Paul Fire & Marine Insurance Company v. Coleman* (8 Cir. 1963), 316 F.2d 77, an insurer sought a declaratory judgment that an "occurrence" which led to a suit against its insured was not within the scope of coverage under its manufacturers and contractors liability policy. The insured was in the business of servicing boats. A man named Stover moored a boat at the insured's boat dock for refueling. An employee of the insured negligently performed the operation of refueling. As a result, a fire broke out in the boat after it left the dock. The policy in question insured the "premises-operations" but contained a "products-completed operations" exclusion. The insurer contended that because the boat caught fire after it left the dock, the exclusion precluded coverage. The court held, however, that the insurer had not sustained its burden of establishing that the negligence of the insured's agent in servicing the boat, the proximate cause of the "occurrence" in question, was excluded from coverage under the policy.

■■■ Although cases involving the construction of insurance policies

are common, the precise question presented by this appeal is new in Illinois. Our research reveals two divergent, indeed irreconcilable, lines of authority in other jurisdictions. (See *Central Bearings Co. v. Wolverine Insurance Company* (1970), 179 N.W.2d 443.) We decide, however, that the better view is represented by those decisions in which courts, in cases analogous to the one before us, have held that policies with the same "premises-operations" hazard afforded coverage to an insured like Fingerhut. (See *McGinnis v. Fidelity & Casualty Company of New York, supra; Employers Liability A. Corp. v. Youghiogheny & O. Coal Co.* (8 Cir. 1954), 214 F.2d 418; *Lessak v. Metropolitan Casualty Ins. Co. of New York,* 168 Ohio St. 153, 151 N.E.2d 730; and compare *Eastcoast Equipment Co. v. Maryland Casualty Co.* (1966), 207 Pa. Super, 383, 218 A.2d 91; *Reed Roller Bit Co. v. Pacific Employers Ins. Co.* (5 Cir. 1952), 198 F.2d 1.) These decisions are consistent with the Illinois rule that insurance contracts are liberally construed in favor of an insured, in this case, Fingerhut who joined plaintiff's prayer for relief. Illinois reviewing courts have consistently held that an insured should not be deprived of the insurance benefits for which he has paid, except where the terms of the policy clearly, definitely and explicitly require it. *Midwest Dairy Products Corp. v. Ohio Casualty Ins. Co.,* 356 Ill. 389, 392, 190 N.E. 702; compare *Pierce v. Standard Accident Insurance Company,* 70 Ill.App.2d 224, 232, 216 N.E.2d 818.

■■ Therefore, we hold that the allegations in plaintiff's complaint averred, within the meaning of the policy, "[b]odily injury * * * caused by accident and arising out of the * * * ownership, maintenance or use of the premises and all operations necessary or incidental thereto." By these allegations, plaintiff's complaint against Fingerhut stated a cause of action within the scope and coverage of the insurance policy in question. Under these circumstances, General Accident, as the insurer, has the duty to defend plaintiff's personal injury suit against Fingerhut. See *Fragman Const. Co. v. Preston Const. Co.,* (Ill.App.3d), 274 N.E.2d 614.

■■ For these reasons, it was error for the trial court to grant General Accident's motion for summary judgment. But inasmuch as plaintiff did not move for that relief in the trial court, we cannot, in this court, grant his prayer that judgment be entered here in his favor. (*Cooper v. Liberty Nat. Bank of Chicago,* 332 Ill.App. 459, 75 N.E.2d 769.) Accordingly, we reverse and remand the cause for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded with directions.

SCHWARTZ, J., concurs.

Mr. JUSTICE STAMOS, concurring:

While I concur with the determination in the majority opinion, I do so for the reasons assigned below.

The threshold issue raised by General Accident is whether the complaint states a cause of action embraced by Hazard 4 (Products-Completed Operations) of the policy and thereby renders applicable the exclusion expressed in (c), (2) of Exclusions.

As noted in the majority opinion, the complaint does not state a cause of action for "products liability" in the classic legal sense. Therefore, the Products-Completed Operations clause is inoperative if our interpretation of that clause limits its applicability to "products liability" actions. Such an interpretation is not compelled by the wording of the clause itself. Hazard 4 is not entitled, "Products Liability"; nor does the phrase appear anywhere within the clause. Also, coverage is not expressly restricted to action stemming from defective products. A number of courts have accordingly interpreted similar Products-Completed Operations clauses literally, *i.e.*, that the clause is applicable whenever a plaintiff has alleged injury or damages from a product, regardless of whether a "products liability" theory has been advanced. (*Tidewater Associated Oil Co. v. Northwest Cas. Co.* (9th Cir. 1959), 264 F.2d 879; *Blohm v. Glens Falls Ins. Co.,*. 231 Ore. 410; *Inductotherm Corp. v. New Jersey Mfrs. Cas. Ins. Co.*, 83 N.J. Super 464.) Conversely, I find other courts which have interpreted Products-Completed Operations clauses broadly and "common sensically" and have attempted to recognize the probable intentions of the parties by invoking that clause only where a classic "products liability" cause of action has been alleged. (*McGinnis v. Fidelity & Cas. Co. of New York*, 80 Cal.Rptr. 482; *Lessak v. Metropolitan Cas. Ins. Co. of New York*, 168 Ohio St. 153; *St. Paul Fire & Marine Ins. Co. v. Coleman* (8th Cir. 1963), 316 F.2d 77; *Thibodeaux v. Parks Equipment Co.*, 140 So.2d 215.) This split of authority was discussed at length in *Kennedy. The Products Hazard Exclusion in California* (1970), 21 Hastings L.J. 1383, 1390, 1391, 1396.

I find the reasoning of those cases more compelling which interpret a Products-Completed Operations clause as a "products liability" clause. Two of the cases cited above, *McGinnis v. Fidelity & Cas. Co. of New York, supra,* and *Lessak v. Metropolitan Cas. Ins. Co. of New York, supra,* are factually similar to the case at bar and hold that a Products-Completed Operations clause is inapplicable to a cause of action resembling that advanced by plaintiff. I find one other case directly on point, *Hagen Supply Corp. v. Iowa Nat'l Mut. Ins. Co.* (8th Cir. 1964), 331 F.2d 199; while its holding is contrary, I do not find its reasoning persuasive.

For the foregoing reasons I agree that the complaint at bar does not

state a cause of action within the Products-Completed Operations clause and that the products exclusion does not apply.

The remaining issue raised by General Accident is whether the complaint alleges a cause of action which is covered by Hazard 1 (Premises-Operations) of the policy, thus obligating General Accident to defend. The policy extends coverage if the following three requirements are met: 1) plaintiff incurred bodily injury; 2) the bodily injury was caused by accident; 3) the bodily injury arose out of the following hazard as recited in the policy: "The ownership, maintenance or use of the premises, and all operations necessary or incidental thereto."

There is no dispute that plaintiff sustained bodily injury. General Accident also does not deny that the injury resulted from an accident—the ignition of plaintiff's clothes by the sparkler he purchased; nor does General Accident suggest that the alleged negligent sale of the sparklers was anything but an operation incidental to the use of the premises. On its face, therefore, the policy appears to extend coverage and to guarantee a defense for the cause of action advanced. General Accident has not contended in its pleadings or briefs that its refusal to defend can be justified by the location of the "accident"—away from the insured's premises. Such a contention would find support neither in the policy nor in legal precedent. (See *St. Paul Fire & Marine Ins. Co. v. Coleman, supra,* p. 80-81, and *Lessak v. Metropolitan Cas. Ins. Co. of New York, supra,* p. 158.) I conclude that the cause of action alleged by plaintiff in the case at bar fell within the language of the Premises-Operations clause.

I therefore concur that it was error for the trial court to allow General Accident's motion for summary judgment, but for the foregoing reasons. I agree that the cause should be remanded with directions.