PER CURIAM.
At the least, the record presents a genuine issue as to whether the “premises” insured by Union Indemnity included the building damaged by fire. See Gibbons v. Brandt, 170 F.2d 385 (7th Cir.1947), cert. denied, 336 U.S. 910, 69 S.Ct. 511, 93 L.Ed. 1074 (1949); St. Paul Fire & Marine Ins. Co. v. Coleman, 204 F.Supp. 713, 721 (W.D.Ark.1962), aff’d, 316 F.2d 77 (8th Cir.1963), cert. denied, 375 U.S. 903, 84 S.Ct. 191, 11 L.Ed.2d 143 (1963); Blackwelder v. Holyoke Mutual Fire Ins. Co. in Salem, Mass., 10 N.C.App. 576, 180 S.E.2d 37 (1971). The summary judgment entered in the carrier’s favor is therefore reversed.[1]

. Since the appellant has not sought this relief, we express no view as to whether it may be entitled to judgment in its favor as a matter of law. See Ellenwood v. Southern United Life Ins. Co., 373 So.2d 392 (Fla. 1st DCA 1979).