## LAVAN v. RETTINGER.

1. ELECTIONS—COUNTY CONVENTIONS—DELEGATES—COUNTY CHAIRMAN.
   County convention of political party was invalid where the temporary chairman refused to follow the statute, did not read the county clerk's list of certified delegates, and refused the vote to 80 of the 119 delegates certified by the clerk (PA 1954, No 116, §§ 621, 622, 625, as amended by PA 1964, No 236).

2. SAME—SECOND COUNTY CONVENTION—NOTICE TO DELEGATES.
   Second county convention of political party was invalid where

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 18 Am Jur, Elections §§ 135, 136.
[3] 18 Am Jur, Elections §§ 138, 142.
[4, 5] 18 Am Jur, Elections §§ 144, 145.
[6] 4 Am Jur 2d, Appeal and Error § 345.
   5 Am Jur 2d, Appeal and Error § 726.
[7, 8] 18 Am Jur, Elections §§ 143–145.

the temporary chairman had failed to notify all delegates thereof.

3. SAME—NOMINEES TO COUNTY OFFICE—STATE LEGISLATIVE OFFICE —COUNTY EXECUTIVE COMMITTEE.

The nomination as candidates for county offices and for State legislative offices makes the nominees members of the political party's county executive committee (PA 1954, No 116, § 599, as amended by PA 1963, No 245).

4. SAME—COUNTY CONVENTION—CHAIRMAN—COURTS.

The election code's requirement that the county chairman of a political party designate the time and place for holding the county convention imposes a duty enforceable by the courts and creates a right in party members to have a convention, that the courts may protect, hence, the trial court properly ordered a new convention (CLS 1961, § 168.622).

5. SAME—ELECTION OF COUNTY DELEGATES.

The propriety of the election of delegates to the county convention of a political party, as duly certified, may not be questioned by either the county convention or a court, in the absence of fraud, except as provided by statute (CLS 1961, §§ 168.522, 168.624).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—"ONE MAN–ONE VOTE".

Whether the "one man–one vote" principle should be applied to the election of delegates to the county convention of a political party is not discussed, where the issue was not raised in the trial court, but raised on appeal for the first time.

7. ELECTIONS—COUNTY CONVENTIONS—RIOTS.

Alleged error in trial court's finding that the riot, or a near riot, at county convention of a political party was the result of action of the county chairman *held*, immaterial, where action of trial court in holding the 2 conventions were invalid and ordering a new convention is affirmed (CLS 1961, § 168.622).

8. SAME—COUNTY CONVENTIONS—STATUTES—QUO WARRANTO.

A new county convention of a political party is directed to be called forthwith and to be held in conformity with pertinent statutes by delegates certified by the county clerk prior to the holding of the first of 'the 2 invalid conventions which gave rise to instant quo warranto proceedings (PA 1954, No 116, §§ 522, 621, 622, 624, 625, as amended by PA 1964, No 236).

Appeal from Livingston; Bebeau (Leo), J., presiding. Submitted Division 2 October 5, 1965, at Lansing. (Docket No. 1,034.) Decided November 15, 1965.

Complaint in quo warranto by Brian Lavan and others against Edward Rettinger and others to test individual defendants' rights to hold office in the Livingston county Democratic committee; and in the alternative, to declare the 1964 Livingston county Democratic conventions invalid and order a new convention. Judgment entered granting new convention. Defendants appeal. Affirmed, and new convention directed.

*Stanley E. Beattie,* for plaintiffs.

*Tom Downs,* for defendants.

QUINN, P. J. Pursuant to leave granted, plaintiffs filed complaint in quo warranto in Livingston county circuit court against defendants to test individual defendants' rights to hold office as officers or members of the Livingston county Democratic committee or the county executive committee. By amended complaint, plaintiffs requested similar relief and in the alternative a judgment declaring the September, 1964, Democratic county conventions invalid and ordering a new convention. Defendants answered and trial was had. Plaintiffs had judgment for the alternate relief.

A Democratic county convention was called in Livingston county for September 12, 1964. It is conceded that this convention was invalid because temporary chairman Rettinger refused to follow the statute[1] and read the county clerk's list of cer-

---

[1] PA 1954, No 116, §§ 621, 622, 625 (CLS 1961, §§ 168.621, 168.622, 168.625), as amended by PA 1964, No 236 (Stat Ann 1956 Rev §§ 6.1622, 6.1625, and Stat Ann 1964 Current Material, § 6.1621, p 478).

tified delegates. Defendant Rettinger called a second convention for September 15, 1964, but failed to notify all delegates thereof. The invalidity of this convention is conceded. In addition, at the first convention, the temporary chairman refused the vote to 80 of 119 delegates certified by the clerk. No other Democratic county convention has been called, and the individual defendants, except Sixbey, continue as hold-over officers or members of the county committee or county executive committee. At the primary election held September 1, 1964, plaintiff Lavan was nominated Democratic candidate for State representative, and plaintiffs McMillan, Mier, Shinn, and Rettinger were nominated as Democratic candidates for county clerk, treasurer, register of deeds, and drain commissioner respectively. Their nomination made them members of the Democratic county executive committee.[2]

There are only two justiciable issues in this case, namely: did the trial court have authority to order a new convention, and did the trial court properly refuse to go behind the election certificates of precinct delegates to determine the propriety of their election. The trial court found no specific authority for ordering a new convention; none has been cited, and this Court has found none. However, the language of the controlling statute is mandatory,

"The county conventions of each political party shall be held at such time and place as the county chairman of each political party, through its chairman, shall designate."[3]

This language imposes a duty to call and creates a right in party members to have a convention. In such situations, courts have authority to enforce the

---

[2] PA 1954, No 116, § 599 (CLS 1961, § 168.599), as amended by PA 1963, No 245 (Stat Ann 1963 Cum Supp § 6.1599).
[3] PA 1954, No 116, § 622 (CLS 1961, § 168.622 [Stat Ann 1956 Rev § 6.1622]).

duty and protect the right. 20 ALR 1035, 1041;
*Baker* v. *Board of Election Commissioners of Wayne
County* (1896), 110 Mich 635; *Soutar* v. *St. Clair
County Election Commission* (1952), 334 Mich 258;
*Wojcinski* v. *State Board of Canvassers* (1957), 347
Mich 573. The trial court properly ordered a new
convention.

The trial court ruled that neither it nor the county
convention could go behind the election certificates
of precinct delegates to determine the propriety of
their election, except for fraud shown to have oc-
curred between the counting of the votes and cer-
tification. The record contains no showing of such
fraud. It is this Court's opinion that the ruling was
correct. The statute spells out the manner of ques-
tioning the propriety of the election of delegates[4]
and specifies the method of reviewing any determina-
tion made as to the propriety of election of dele-
gates.[5] These statutory methods were used in this
instance. Absent fraud, these methods are conclu-
sive.

Defendants raise two further questions, neither of
which requires decision. The question of applying
the "one man–one vote" principle to the election
of delegates was not raised below; it cannot be raised
here for the first time. Citation of authority is not
required to support this elemental rule of appellate
practice.

The last error alleged is that the trial court erred
in finding that "the riot—or close to it—was the re-
sult of action of the Democratic county chairman".
No such finding appears in the judgment, and it is
immaterial to decision in any event.

The trial court is affirmed, with costs to plaintiffs.
An order may enter in this Court directing the call

---

[4] PA 1954, No 116, § 624 (CLS 1961, § 168.624 [Stat Ann 1956
Rev § 6.1624]).
[5] CLS 1961, § 168.522 (Stat Ann 1963 Cum Supp § 6.1522).

of a new Democratic county convention in Livingston county forthwith and in conformity with all pertinent statutes and that the delegates and delegates at large to such convention shall be those certified by the county clerk of Livingston county in his official certificate dated September 4, 1964.

McGregor and Watts, JJ., concurred.