ATKINS *v.* HARTFORD ACCIDENT & INDEMNITY
COMPANY.

1. INSURANCE—GENERAL LIABILITY POLICY—ACCIDENT—NEGLIGANCE
—BREACH OF WARRANTY.
   The fact that claims made against an insured are based upon breach of warranty or negligence does not remove them from the category of "accident" within the meaning of a general liability policy protecting the insured against bodily injury, disease, or death to any person caused by "accident."

2. SAME—GENERAL LIABILITY POLICY—NEGLIGENCE—SALE OF PILLS.
   Negligent sale of pills by insured drug retailer, resulting in mental and bodily injury on the part of customer *held*, an "accident" within the meaning of a general liability policy protecting the retailer against bodily injury, sickness or disease, including death, to any person caused by "accident" on the premises of the insured, where there was nothing inherently dangerous about the pills if properly dispensed with appropriate instructions, since the negligent sale was "accidental."

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29A Am Jur, Insurance § 1164 *et seq.*
[3, 4] 37 Am Jur, Motions, Rules and Orders § 5.
[5, 7, 8] 41 Am Jur, Pleading § 6 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error § 545.

3. COURTS—COURT RULES—MOTIONS.

The court rules require that an application to the court for an order in a pending action shall be by motion which, unless made during a hearing or trial, shall be made in writing (GCR 1963, 110.2[1]).

4. SAME—COURT RULES—MOTIONS.

The purpose of the court rule requiring a written motion is to provide the opposite party with notice, and when both parties are present during a hearing or trial, a motion may be made orally, since there is no necessity for such written notice GCR 1963, 110.2[1]).

5. PLEADING—DEFENSES.

Any defense to a claim may be asserted at trial if a pleading sets forth a claim for relief to which no responsive pleading is required, but all defenses to a claim requiring a responsive pleading are waived, unless pleaded or raised by motion, except lack of jurisdiction over the subject matter of the action, failure to state a claim upon which relief can be granted, and failure to state a valid defense to a claim (GCR 1963, 111.3).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

A question may not be considered by the Court of Appeals when raised for the first time on appeal.

7. JUDGMENT—MOTION FOR SUMMARY JUDGMENT—WAIVER OF DEFENSES.

Defenses not raised until after grant of plaintiff's motion for summary judgment *held*, waived, where the applicable court rule requires that such defenses be set forth in defendant's responsive pleading or by motion, and defendant neither pleaded said defenses nor presented any motion with respect thereto (GCR 1963, 111.3).

8. SAME—SUMMARY JUDGMENT—WAIVER OF DEFENSES—NEGLIGENT SALE OF PILLS.

Summary judgment for insured plaintiff in his action seeking a determination that a general liability policy issued to him by defendant provided coverage for mental and bodily injury of customer, caused by plaintiff's negligent sale of pills *held*, proper, where *defendant's policy insured plaintiff against such* injuries caused by "accident" on plaintiff's premises, the negligent sale of such pills was "accidental," and defendant had waived all defenses except lack of coverage by failing to raise said defenses in the trial court (GCR 1963, 111.3).

Appeal from Wayne; Bohn (Theodore R.), J. Submitted Division 1 February 8, 1967, at Detroit. (Docket No. 1,020.)   Decided July 20, 1967.

Complaint by Samuel Atkins, doing business as Atkins Pharmacy, against Hartford Accident & Indemnity Company, a Connecticut corporation, seeking a determination that a general liability policy issued by defendant afforded the plaintiff coverage for the defense of an action brought against plaintiff because of the negligent sale of pills. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*George Stone,* for plaintiff.

*Feikens, Dice, Sweeney & Sullivan (Altero J. Alteri,* of counsel), for defendant.

LESINSKI, C. J.  A complaint was filed against plaintiff Samuel Atkins, doing business as Atkins Pharmacy, by Lester and Patricia Ann Farrar. The complaint charged the plaintiff with the negligent sale of pills composed of amobarbital, a habit-forming drug, and subsequent mental and physical injuries to Patricia Ann Farrar as a result thereof.

Subsequently, the plaintiff filed a complaint against Hartford Accident & Indemnity Company alleging that an insurance policy, No. 35C694877, covering the year of October 15, 1962, to October 15, 1963, afforded it coverage for the defense of the Farrar suit.  An answer was made, liability was denied by the insurer and a motion for summary judgment was then made by the insurer.  The insurer contended that the plaintiff had purchased a comprehensive general liability policy with it but that the action brought by the Farrars was

excluded by the products hazard provision of the policy. The term "products hazard" as defined by the policy is as follows:

"(f) Products Hazard. The term 'products hazard' means

"(1) goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, if the accident occurs after possession of such goods or products has been relinquished to others by the named insured or by others trading under his name and if such accident occurs away from premises owned, rented or controlled by the named insured or on premises for which the classification stated in provision (a) of the declaration excludes any part of the foregoing."

The trial court denied the insurer's motion for summary judgment and held that the description of hazards exclusions were inapplicable. The court granted plaintiff's oral motion for a summary judgment based on the general liability provision of the policy which reads as follows:

"Coverage B—Bodily Injury Liability—Except Automobile:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident."

This appeal is brought by the defendant contesting the action of the court below which denied the defendant's motion for summary judgment and granted a summary judgment in favor of plaintiff.

The defendant assigns as error the trial court's refusal to apply the products hazard exclusion in the insurance policy and the consequent denial of defendant's motion for summary judgment.

To dispose of this question, we must determine whether the event in the Farrar suit was an "accident" within the general liability provision of the policy previously stated or within the products hazard exclusion.

In the suit brought by the Farrars against Samuel Atkins, they charged the plaintiff with the negligent sale of certain pills and the injuries that resulted therefrom.

In *Brant* v. *Citizens Mutual Automobile Insurance Company* (1966), 4 Mich App 596, this Court had before it an analogous fact situation. The Court, in *Brant, supra,* in its discussion of negligence, relied on *Bundy Tubing Company* v. *Royal Indemnity Company* (CA6, 1962), 298 F2d 151, 153. The discussion cited there is also appropriate here.

"The fact that the claims here involved breach of warranty or negligence did not remove them from the category of accident. * * * If the liability policy were construed so as to cover only accidents not involving breach of warranty or negligence, then no protection would be given the insured. The insured would not need liability insurance which did not cover the only claims for which it could be held liable."

In the present case the "accident" was the negligent sale of the pills. The subsequent addiction of Patricia Farrar and the injuries she suffered were accidental. There was nothing inherently dangerous about the pills, if used with the proper instructions. Therefore, but for the negligent sale of the pills, the injury would not have occurred. The sale, although negligent, is within the ambit of the *Bundy Case, supra,* and was properly within the general liability clause of the insurance policy, as found by the trial judge. The policy covers in-

juries caused by "accident" on the premises of the insured. The sale was "accidental" and therefore covered by the general liability provision of the policy.

The second question presented on appeal is whether the trial court erred in entering judgment for the plaintiff based on its oral motion because other defenses not raised by the defendant remained to be litigated between the parties.* To attend to the first part of this question in relation to oral motions, we refer to GCR 1963, 110.2(1), which reads:

"(1) An application to the court for an order in a pending action shall be by motion, which, *unless made during a hearing or trial,* shall be made in writing." (Emphasis supplied.)

The import of the above is that when made during a trial or hearing, a motion may be made orally. The purpose of a written motion is to provide the opposite party with notice. When both parties are present at a trial or hearing, there is no necessity for written notice. This is precisely the case in the present situation.

Defendant contends also that the trial court erred because certain other defenses, which it had, remained to be litigated between the parties. GCR 1963, 111.3 provides:

"If a pleading sets forth a claim for relief to which a responsive pleading is not required, any defense to that claim may be asserted at trial. Otherwise, all defenses not asserted in the respon-

---

* The other defenses that defendant refers to are as follows:
1. The Farrar complaint alleged a criminal act and it is against public policy to insure a criminal act.
2. That even if it could be said that there was coverage for the type of acts committed by plaintiff's employee, such coverage would be afforded by the purchase of druggist malpractice insurance.

sive pleading or by motion as herein provided are waived, except the following:

"(1) lack of jurisdiction over the subject matter of the action,

"(2) failure to state a claim upon which relief can be granted, and

"(3) failure to state a valid defense to a claim."

The defenses which defendant raises now certainly do not fall within the exceptions enumerated in GCR 1963, 111.3, and therefore are waived. In *Lavan* v. *Rettinger* (1965), 1 Mich App 661, 665, the Court stated:

"The question * * * was not raised below; it cannot be raised here for the first time. Citation of authority is not required to support this elemental rule of appellate practice."

Again in *Gorby* v. *Yeomans* (1966), 4 Mich App 339, 342, the Court in dispensing with an asserted defense of the defendant stated:

"The defense of contributory negligence was raised for the first time on appeal and will therefore not be considered."

In line with GCR 1963, 111.3, and the cited case law, the defendant has waived the defenses he now wishes to raise.

The trial court did not err in denying the defendant's motion for summary judgment and in granting similar relief to the plaintiff.

Affirmed. Costs to appellee.

BURNS and QUINN, JJ., concurred.