BRANT *v.* CITIZENS MUTUAL AUTOMOBILE
INSURANCE COMPANY.

1. INSURANCE—CASUALTY POLICY—ACCIDENT—SALE OF GAS SPACE
HEATER.

Incident whereby plaintiff retailer of gas space heater sold
heater equipped to burn natural gas to purchaser who had
ordered heater to burn butane or liquid petroleum gas *held,*
an accident within terms of comprehensive general liability
policy plaintiff had purchased from defendant casualty insurer,
irrespective of whether there was mistake, negligence, or breach
of warranty involved in the sale.

2. SAME — CASUALTY POLICY — ACCIDENT — INSTALLATION OF GAS
SPACE HEATER.

Installation of natural gas space heater to wrong type of gas
supply for it *held,* an accident within terms of comprehensive
general liability policy plaintiff retailer had purchased from
defendant casualty insurer.

3. SAME—ACCIDENT.

An *accident* within the meaning of policies of accident insurance
may be anything that begins to be, that happens, or that is a
result which is not anticipated and is unforeseen and un-
expected by the person injured or affected thereby and takes
place without the insured's foresight or expectation and with-
out design or intentional causation on his part.

4. WORDS AND PHRASES—ACCIDENT.

An *accident* is an undesigned contingency, a casualty, a happen-
ing by chance, something out of the usual course of things,
unusual, fortuitous, not anticipated, and not naturally to be
expected.

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5] 29A Am Jur, Insurance § 1360 *et seq.*
Products liability insurance.  45 ALR2d 994.
[4] 29A Am Jur, Insurance § 1164 *et seq.*

5. INSURANCE—CASUALTY POLICY—PRODUCTS HAZARD COVERAGE—DE-
    FENSE OF SUIT.

    Defendant casualty insurer's comprehensive general liability pol-
        icy issued to plaintiff retailer, which excluded products hazard
        coverage, nevertheless covered liability of insured to persons
        who were injured because of sale of wrong type of gas space
        heater and the installation of such wrong type to wrong type
        of gas supply, there being no claim by the injured parties
        that the heater itself was defective, since the injuries were
        proximately caused by at least 1 accident which had occurred
        on or from the premises covered by the policy, hence, the
        insurer was obligated to defend the actions brought against
        the insured.

Appeal from Wayne; Sullivan (Joseph A.), J.
Submitted Division 1 March 9, 1966, at Detroit.
(Docket No. 866.)    Decided October 25, 1966.    Ap-
plication for leave to appeal dismissed per stipula-
tion, January 11, 1968.

Complaint by Albert Brant, Philip Brant, and
Benjamin Brant, copartners doing business as
American Pipe & Supply Company, against Citizens
Mutual Automobile Insurance Company, for de-
claratory judgment that comprehensive liability in-
surance policy provided coverage against subject
matter of two lawsuits pending against plaintiffs.
Judgment for defendant. Plaintiffs appeal. Re-
versed.

*Arthur J. Cole,* for plaintiffs.

*Conklin & Maloney,* for defendant.

T. G. KAVANAGH, J. The appellants, Albert Brant,
Philip Brant, and Benjamin Brant, appeal from a
declaratory judgment granted appellee Citizens
Mutual Automobile Insurance Company, which de-
termined that the insurance policy purchased from
appellee by appellant insureds did not cover the ap-

pellants against claims giving rise to the cause of action which appellants were presently defending in two other lawsuits.[1] This appeal was taken from that determination.

The Brants, doing business under the name of American Pipe & Supply Company, sold a gas space heater to James Hughes, Sr. Mr. Hughes alleged that he ordered a heater equipped to burn butane or liquid petroleum gas but that the appellants, negligently or as a result of a breach of warranty, sold him a natural gas heater. Mr. Hughes installed the heater. It was connected to a butane or liquid petroleum gas supply in the Hughes' cottage, and this resulted in the death by asphyxiation of James Hughes, Jr., and injury to his companion, George Bosley, Jr. There was no claim of malfunction of the heater.

Appellants had purchased a comprehensive general liability insurance policy from appellee which admittedly covered appellants for legal liability for accidents growing out of its business operations at or from its premises.

The policy specifically excluded the type of coverage listed as "products hazard."[2]

---

[1] Suits brought in Jackson county, Michigan, by George W. Bosley, Guardian of George W. Bosley, Jr., and in Wayne county, Michigan, by the estate of James M. Hughes, Jr.

[2] The term "products hazard" means: (1) goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, if the accident occurs after possession of such goods or products has been relinquished to others by the named insured or by others trading under his name *and* if such accident occurs away from premises owned, rented or controlled by the named insured or on premises for which the classification stated in division (a) of the declarations excludes any part of the foregoing; provided, such goods or products shall be deemed to include any container thereof, other than a vehicle, but shall not include any vending machine or any property, other than such container, rented to or located for use of other but not sold; (2) operations, including any act or omission in connection with operations performed by or on behalf of the named insured *on* the premises or elsewhere, whether or not goods or products are involved in such operations, if the

The appellants brought the present action for declaratory judgment seeking a determination that the policy provision covered the fact situation of the present case. The trial court held that in the absence of Michigan precedent in this area the rule laid down in the case of *Hagen* v. *Iowa National Mutual Insurance Co.* (CA 8, 1964), 331 F2d 199 was controlling, and denied the relief sought by appellants.

On appeal, this Court must determine whether the policy purchased by appellants covered the specific "accident" which formed the basis for the suits the plaintiffs are defending.

The fact situation of the instant case is actually composed of two incidents, both of which we regard as "accidents." The first "accident," occurred when the appellants here sold Mr. Hughes the wrong heater according to the complaints in the suits against the Brants. The issue of whether this sale was a question of mistake, negligence, or breach of warranty, is not before this court. It will be settled in the other litigation referred to above, along with the question of whether the appellants here or others were legally liable for the resulting injury. However, this does not mean that the sale as made by appellants was not an accident. This point was succinctly made by the court in *Bundy Tubing Company* v. *Royal Indemnity Company* (CA 6, 1962), 298 F2d 151 at p 153:

---

accident occurs after such operations have been completed or abandoned and occurs away from premises owned, rented or controlled by the named insured; provided, operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to an agreement; provided further, the following shall not be deemed to be "operations" within the meaning of this paragraph; (a) pick-up or delivery, except from or onto a railroad car, (b) the maintenance of vehicles owned or used by or on behalf of the insured, (c) the existence of tools, uninstalled equipment and abandoned or unused materials and (d) operations for which the classification stated in division (a) of the declarations specifically includes completed operations.

"The fact that the claims here involved breach of warranty or negligence did not remove them from the category of accident. * * * If the liability policy were construed so as to cover only accidents not involving breach of warranty or negligence, then no protection would be given to the insured. The insured would not need liability insurance which did not cover the only claims for which it could be held liable."

The second "accident" occurred when the natural gas heater was installed to the wrong type of gas supply for it and injury resulted therefrom. Again, the question of ultimate liability is not before this court. However, according to Michigan law, this too falls within a definition of "accident." In *Guerdon Industries, Inc.,* v. *Fidelity & Casualty Company* (1963), 371 Mich 12, at pp 18, 19, the Michigan Supreme Court recently cited the definition in 10 Couch on Insurance (2d ed), § 41:6, p 27, where the policy under consideration was an accident insurance policy. We deem this definition no less appropriate here:

"An 'accident', within the meaning of policies of accident insurance, may be anything that begins to be, that happens, or that is a result which is not anticipated and is unforeseen and unexpected by the person injured or affected thereby—that is, takes place without the insured's foresight or expectation and without design or intentional causation on his part. In other words, an accident is an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected."

Thus it is apparent, that this, too, was an "accident."

It is now necessary to determine whether the comprehensive liability policy which insured against lia-

bility for premises operations, but which excluded the insurer from liability for products hazard, covered the appellant in the instant case. In the absence of Michigan precedent precisely on point this Court must rely largely upon case law from other jurisdictions, as did both counsel and the trial court.

In the *Hagen Case, supra,* relied on by the insurer below, the insured, a Minnesota corporation, had purchased (in Minnesota) premises operations and not products hazard coverage. The insured shipped a tear gas device to a minor in Indiana in violation of an Indiana statute. The device was discharged by a minor in the presence of another, and the latter was injured. The court rejected the insured's contention that the negligent selling was a hazard which arose on the premises, and applied Minnesota law which held that "the question to be resolved here concerns the place where the accident occurred, not the proximate cause of it." *Hagen, supra* at 202. The *Hagen* court rejected as distinguishable on their facts, cases which held the insurer liable under other situations. Two such cases, mentioned in *Hagen, supra,* are applicable to the instant case.

In *Employers' Liability Assur. Corp.* v. *Youghiogheny & Ohio Coal Co.* (CA 8, 1954), 214 F2d 418, the liability insurer refused to defend an action against the insured coal company on several grounds, one of which was that the policy held by the insured excluded "products liability." The injury which formed the basis for the action occurred when an allegedly defective door of a freight car owned by one defendant and used by the defendant coal company *"left its moorings and crashed down upon"* the injured party. The court answered the insurer's contention of nonliability with several statements particularly applicable to the case at bar. The court stated: "The proper test of whether or not there is

coverage and whether it is the duty of the insurer to defend an action against the insured depends upon the claim made in the complaint against the insured." The *Employers'* court found that negligence alleged against the defendant fulfilled this requirement. The claim against the insured in the instant case covers, *inter alia,* a complaint of "negligence because of its failure to deliver the kind of furnace ordered." A further analogy to the case at bar is found in the distinction set forth in the conclusion of the *Employers'* holding:

"As pointed out by the trial court, 'the allegations of Burnett's [the injured party's] complaint with respect to the liability of this plaintiff  *  *  *  had nothing to do with the products of the insured.'" (Emphasis supplied.)

This statement is relevant to the instant case where there is, similarly no allegation of *defect* in the plaintiff's product.

In *St. Paul Fire & Marine Insurance Company* v. *Coleman* (CA 8, 1963), 316 F2d 77, the insurer contended that the "occurrence" in question was not within the scope of coverage provided by its policy issued to the insured. One Stover had moored his boat at the insured's boat dock for refueling. The insured's employee had *negligently* performed the operation of refueling and a fire resulted therefrom *after* the Stover boat had left the insured's boat dock. The policy in question contained the following exclusion, *St. Paul Fire, supra* at p 79:

" 'If the accident occurs after possession of such goods or products  *  *  *  has been relinquished to others  *  *  *  and if the accident occurs away from premises owned, rented or controlled by the named insured' coverage for such an occurrence is not afforded by its policy."

The court pointed out at p 80 that the " 'products-·completed operations' is the only coverage related to 'away from premises' exclusion. There is no such limitation or exclusion from coverage as to 'premises-operations.' " The court concluded by holding at p 81 that the "Appellant has not sustained the burden of establishing that the negligent 'premises-operation' performed by Agar [insured's employee], which is established to be the proximate cause of the 'occurrence' in question, is excluded from coverage under its policy." Similarly, in the case before this Court appellee has not convinced us that negligent premises operation was not *a* proximate cause of the occurrence or "accident" in this situation.

Finally, it is noteworthy that the policy offered by the insurer was a comprehensive liability policy, with several alternatives available for acceptance or rejection by a given prospective purchaser. It would be reasonable to assume that a retailer, who was not an attorney, contemplating the purchase of such a policy would reject the "products hazard" coverage as inapplicable to him (since he was not a manufacturer) just as he rejected as inapplicable to him, the "nuclear energy liability" which was a similarly available option in the policy here presented.

The policy purchased by the appellant can reasonably be construed to necessitate the defense of the litigation by the appellee. One of the accidents, namely, the delivery of the wrong kind of space heater, was alleged to be the proximate cause of injury to the claimants, and it occurred on or from the premises covered. Appellant had a right to consider that under the coverage purchased the insurance company would defend him against any claim

for damages based on such an alleged accident on or from the premises.

Reversed, costs to appellant.

Although Judge WATTS heard oral arguments on the above matter, because of his untimely death he took no part in the decision in this case.

LESINSKI, C. J., concurred.