EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF
WISCONSIN v MICHIGAN MUTUAL AUTO INSURANCE
COMPANY

Docket Nos. 47816, 48288, 48592. Submitted October 7, 1980, at Grand
Rapids.—Decided November 20, 1980.

Arnold J. Ahonen installed a gas line and filter on a power boat
which he owned. He later sold the boat and a year after the
sale the boat exploded, injuring six people. The injured parties
brought an action against Ahonen alleging that the proximate
cause of the explosion was his negligent installation of the gas
line and filter. At the time he owned the boat, but not at the
time of the explosion, Ahonen had a boatowners insurance
policy with Wolverine Insurance Company and a homeowners
policy with Employers Mutual Liability Insurance Company of
Wisconsin. At the time of the explosion, but not when he
owned the boat, he had a homeowners policy with Michigan
Mutual Auto Insurance Company and an "umbrella" policy
with Employers Mutual. All three insurers denied liability, and
Employers Mutual brought a declaratory judgment action seek-
ing a determination of liability to defend the principal action as
between the three insurers. Ahonen filed a cross- and counter-
complaint against all three insurers, seeking coverage and a
defense from one or more of the insurers. The Marquette
Circuit Court, Edward A. Quinnell, J., held that Wolverine and
Employers Mutual were not liable on the policies in effect when
Ahonen owned the boat, that Michigan Mutual was liable for
representation and indemnification under its homeowners pol-
icy, and that Employers Mutual was liable under its umbrella
policy in the event the damages exceeded the limits of the
Michigan Mutual policy. Employers Mutual, Michigan Mutual,
and Ahonen each appealed and the appeals were consolidated
for hearing and decision. *Held:*

    1. The Wolverine boatowners policy, by virtue of an unambig-

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur 2d, Insurance § 257.
[2] 43 Am Jur 2d, Insurance § 340.
[3] 43 Am Jur 2d, Insurance § 1180.

uous transfer of interest clause, was voided by the sale of the boat and did not cover the accident.

2. The Employers Mutual homeowners policy did not cover the accident because responsibility accrues under an indemnity policy at the time the damage occurs rather than at the time of the negligent act. The policy had been cancelled prior to the time of the explosion.

3. The Michigan Mutual homeowners policy contains an exclusion for damages "arising out of the ownership * * * of any watercraft". This exclusion is ambiguous in that it is not clear whether the insured must own the boat at the time of the accident for the exclusion to apply. The ambiguity is construed against the insurer; therefore, the exclusion applies only when the insured owns or rents a boat at the time of an accident. Michigan Mutual, therefore, is required to defend and indemnify Ahonen for the damages from the explosion.

4. For the same reasons, Employers Mutual may be found liable to indemnify Ahonen under its umbrella policy in the event the damages exceed the limits of liability of the Michigan Mutual policy.

Affirmed.

1. INSURANCE — CONTRACTS — CONSTRUCTION OF INSURANCE POLICY.

Insurance policies, like other contracts, are matters of agreement and a court is to construe the language of a contract as a whole in order to effectuate the intent of the parties; where ambiguities exist the contract will be given the construction which is more favorable to the insured, and ambiguous exclusions will be strictly construed against the insurer.

2. INSURANCE — ACCRUAL OF RESPONSIBILITY — TIME OF OCCURRENCE.

Responsibility accrues under an indemnity policy at the time when the complainant is damaged rather than at the time of the negligent act; thus, there was no coverage for an accident in which the insured committed the negligent act while the insurance policy was in effect but the resulting accident and damages did not occur until after the policy had been cancelled.

3. INSURANCE — EXCLUSIONS — WATERCRAFT — OWNERSHIP.

An exclusion in an insurance policy which excludes coverage for damages "arising out of the ownership of any watercraft" applies only where the insured owns or rents a boat at the time of an accident resulting in damages; the exclusion does not apply, and the insurer may be liable under the policy, where a boat formerly owned by the insured exploded as a result of

allegedly negligent maintenance by the insured while he was the owner of the boat.

*Bridges & Collins* (by *Bruce L. Houghton)*, for Employers Mutual Liability Insurance Company of Wisconsin.

*Hansley, Neiman, Peterson, Beauchamp, Stupak & Bergman, P.C.,* for Michigan Mutual Auto Insurance Company.

*Kendricks, Bordeau, Casselman, Adamini, Keefe & Smith,* for Wolverine Insurance Company.

*Aaron Lowenstein,* for Arnold J. Ahonen.

Before: J. H. GILLIS, P.J., and BASHARA and CYNAR, JJ.

BASHARA, J. Employers Mutual Liability Insurance Company of Wisconsin (hereinafter Employers Mutual) and Michigan Mutual Auto Insurance Company (hereinafter Michigan Mutual) appeal a declaratory judgment holding them liable to Arnold J. Ahonen on insurance policies. Ahonen appeals the trial court's ruling that Employers Mutual is not liable on a second policy and that Wolverine Insurance Company (hereinafter Wolverine) is also not liable.

Ahonen owned a 184-horsepower motor boat from 1967 to 1974. He sold the boat in 1974. Approximately a year later, the boat exploded, injuring six people. The injured parties sued Ahonen, alleging that he negligently installed a gas line and filter in the boat while he owned it, which was the proximate cause of the explosion and resulting injuries.

At the time Ahonen owned the boat (but not at

the time of the explosion), he held the following insurance policies:

(1) Wolverine Boatowners Policy

(2) Employers Mutual Homeowners Policy

At the time the explosion occurred (but not at the time he owned the boat), Ahonen possessed the following insurance:

(3) Michigan Mutual Homeowners Policy

(4) Employers Mutual Personal Umbrella and Medical Expense Policy

Ahonen sought indemnification and legal representation for the principal action from the three insurance companies. All three insurers denied liability and the present suit was commenced to determine which policies, if any, covered the accident.

The trial court, after thorough examination of the policies, briefs and law, held that Wolverine and Employers Mutual were not liable on the policies which were in effect at the time Ahonen owned the boat (policies 1 and 2). It was also ruled that Michigan Mutual was liable for representation and indemnification of Ahonen in the principal action under homeowners policy 3. Finally, the court adjudged Employers Mutual responsible for indemnification of Ahonen under the umbrella policy 4, in the event the damages exceeded the amount of the Michigan Mutual policy.

All parties, except Wolverine, appeal the judgment.

Insurance policies, like other contracts, are matters of agreement and the job of the court is to construe the language of the contract as a whole, in order to effectuate the intent of the parties. *Murphy v Seed-Roberts Agency, Inc,* 79 Mich App 1, 7-8; 261 NW2d 198 (1977), *Eghotz v Creech,* 365 Mich 527, 530; 113 NW2d 815 (1962). Where

ambiguities exist, the contract will be given the construction which is more favorable to the insured and ambiguous exclusions will be strictly construed against the insurer. *DeLand v Fidelity Health & Accident Mutual Ins Co,* 325 Mich 9; 37 NW2d 693 (1949), *State Farm Mutual Automobile Ins Co v Ruuska,* 90 Mich App 767, 777-778; 282 NW2d 472 (1979), *lv gtd* 407 Mich 948 (1979). Therefore, each policy will be examined in order to properly review the trial court's judgment.

### *Wolverine Boatowners Policy*

The policy contained the following pertinent clauses:

"Liability Coverage: To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of:
"1. Bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'Bodily Injury' sustained by any person;
"arising out of the ownership, maintenance or the use of the insured property * * *
"The Company shall defend any suit alleging such damages which are payable under the terms of this Policy, even if any of the allegations of the suit are groundless, false, or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient."

Under "GENERAL CONDITIONS", the policy provides:

"Policy Period: The policy period shall be for the term shown in the Declarations under 'Policy Period.'
* * *
"Transfer of Interest: This insurance shall be void in case this Policy or the interest insured thereby shall be

sold, assigned, transferred or pledged without the previous consent in writing of the Company."

We believe that the transfer of interest clause quoted above is unambiguous and needs no judicial construction. Since Ahonen admittedly did not seek or receive consent to sell the boat, the policy was voided by the sale. Therefore, the trial court did not err in holding that the Wolverine policy does not cover the accident.

### Employers Mutual Homeowners Policy

Employers Mutual provided the following pertinent coverage to Ahonen under the homeowners policy:

"COVERAGE E—PERSONAL LIABILITY:
"(a) Liability: To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the Company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient.

*   *   *

"COVERAGE F—PERSONAL MEDICAL PAYMENTS: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury caused by accident.

"(a) while on the premises with the permission of an Insured, or

"(b) while elsewhere if such bodily injury (1) arises out of the premises or a condition in the ways immedi-

ately adjoining, (2) is caused by the activities of an Insured, * * *.

"COVERAGE G—PHYSICAL DAMAGE TO PROPERTY: To pay for loss of property of other caused by an Insured. 'Loss' means damage or destruction but does not include disappearance, abstraction or loss of use."

The following special exclusion was included as to Coverages E and F:

"* * * to the ownership, maintenance, operation, use, loading or unloading of * * * (2) watercraft owned by or rented to an Insured while away from the premises, if with inboard motor power exceeding fifty horsepower * * *."

Another clause excluded liability "(i) under Coverage G, to loss (1) arising out of the ownership, maintenance, operation, use, loading or unloading of any land motor vehicle * * * or watercraft".

If the negligent act and the accident had occurred at the same time and while the policy was not in effect, there would be no question that Ahonen could not recover under the homeowners policy. *Lombardi v Metropolitan Life Ins Co,* 271 Mich 265, 270; 260 NW 160 (1935). However, this state has not previously considered the applicability of a liability insurance policy where the negligent act occurs during the policy period but the damages do not occur until after the policy has been cancelled. We have reviewed cases from other jurisdictions which have considered the question. The majority of them hold that the time when the complainant is damaged, rather than the time of the negligent act, is the point at which responsibility accrues under an indemnity policy. See 57 ALR2d 1385 and the cases cited therein. We adopt the general rule as being correct and hold that since the damages did not arise until after the

Employers Mutual homeowners policy had been cancelled, it did not cover the accident. *Cf., Remmer v Glens Falls Indemnity Co,* 140 Cal App 2d 84; 295 P2d 19; 57 ALR2d 1379 (1956), and *National Aviation Underwriters, Inc v Idaho Aviation Center, Inc,* 93 Idaho 668; 471 P2d 55 (1970).

In addition, it is clear that the parties intended to exclude coverage of accidents that arose out of the ownership, maintenance or use of a watercraft. Indeed, Ahonen recognized the fact that the homeowners policy did not insure against boating accidents when he purchased the Wolverine boatowners policy.

As aptly stated by the trial court:

"[I]f liability were imposed on [Employers Mutual] because the negligent acts were performed during the policy period, it would also then appear that the exclusion of the owned watercraft would apply, since at the time of those acts the watercraft was owned by the insured."

## Michigan Mutual Homeowners Policy

The trial court held that the following clauses in the policy render Michigan Mutual liable for the accident:

"This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false, or fraudu-

lent, but may make such investigation and settlement of any claim or suit as it deems expedient.

* * *

"1. 'bodily injury': means bodily injury, sickness or disease, including care, loss of services and death resulting therefrom.

* * *

"5. 'occurrence': means an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage."

The following exclusion is also found in the policy:

"This policy does not apply:

"1. Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others:

"a. [This exclusion covers liability arising out of aircraft, motor vehicles, and recreational motor vehicles.]

"b. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft;

"(1) owned by or rented to any Insured if the watercraft has inboard or inboard-outboard motor power of more than 50 horsepower or is a sailing vessel (with or without auxiliary power) 26 feet or more in overall length."

Michigan Mutual contends that the trial court erred in holding that the exclusion did not apply since Ahonen did not own the boat at the time the accident occurred. We disagree. The term "arising out of the ownership * * * of any watercraft" is ambiguous in that it is not clear whether the insured must have owned the boat at the time of the accident for the exclusion to apply. Construing the ambiguity against the insurer, and keeping in mind that the time the damages arise is the cru-

cial focal point, we hold that the exclusion applies only where the insured owns or rents the boat at the time of the occurrence. *DeLand, supra,* and *State Farm Mutual Automobile Ins Co, supra.* Since the damages arose during the life of the policy and no exclusion is applicable, the trial court correctly held that Michigan Mutual is required in indemnify Ahonen for the boating accident under the homeowners policy. *Remmer, supra,* and *National Aviation Underwriters, Inc, supra.*

### *Employers Mutual Umbrella Policy*

The policy provides:

"1. Coverage—Part I.

"The company agrees to indemnify the insured for:

"(a) all sums in excess of either the amount recoverable under the underlying insurance as set out in the declarations, or, as respects each occurrence not covered by said underlying insurance, the amount stated in the declarations as the 'retained limit,' which the insured shall become legally obligated to pay, either by adjudication or compromise, as damages because of personal injury or property damage caused by an occurrence, and

"(b) all expenses incurred by the insured or the company;

"all of which is hereinafter called 'loss'."

The following definition is included in the policy:

"The word 'occurrence' means an event including injurious exposure to conditions which results, during the policy period, in personal injury or property damage neither expected nor intended from the standpoint of the insured."

The policy covers the underlying insurance policies as follows:

"6. Underlying Insurance. The policy or policies designated in the declarations as underlying insurance shall be maintained in full force and effect by the named insured during the currency of this policy, except for any reduction in the available insurance solely by reason of payment of claims during the period of this policy as a result of occurrence, accident, sickness or disease. Failure of the named insured to comply with this condition shall not invalidate this policy, but in the event of such failure the company shall only be liable hereunder to the insured to the same extent as it would have been liable had the named insured complied with said condition."

The policy excluded losses due:

"to the ownership, maintenance, operation, use, including loading or unloading of watercraft owned by or rented to an insured, while away from premises owned by, rented to or controlled by an insured, if with inboard motor power exceeding 50 horsepower, or if a sailing vessel with or without auxiliary power and 26 feet or more in over-all length, unless (1) the insurance therefor is provided by an underlying policy described in the declarations as of the effective date of this policy, or (2) notice is given to the company within ten days following the date of acquisition of such new watercraft and additional premium is charged."

Employers Mutual asserts there was no underlying policy for the boat described in the declaration or notice of the ownership of the boat, thereby rendering the general exclusion language applicable. The trial court agreed that exceptions (1) and (2) of the exclusion did not apply. However, it held the exclusion was ambiguous in that it did not specify when Ahonen must own the boat. The trial

judge concluded that Employers Mutual must indemnify Ahonen in the event the damages exceed the amount of the Michigan Mutual homeowners policy.

For the same reasons stated above in holding Michigan Mutual liable under its homeowners policy, we find that Employers Mutual insured Ahonen against the boating accident under the umbrella policy. The policy exclusion does not state whether the "owned by or rented to" requirement must exist at the time of the accident. Strictly construing the exclusion, we hold that since Ahonen did not own the boat at the time the accident occurred, the exclusion is inapplicable and the trial court's ruling is correct. *DeLand, supra,* and *State Farm Mutual Automobile Ins Co, supra.*

Due to our affirmance of the judgment, the question of preservation of rights by Employers Mutual is moot. The question of attorney fees and costs to Ahonen has not been determined by the trial court and has been expressly reserved until after decision by this Court. Therefore, we decline to rule on the issue, leaving the matter to the trial court.

Affirmed; costs awarded to Wolverine against Ahonen. No costs to the other parties, no litigant having prevailed in full.