Sherry STERN, Appellant,

v.

Dr. Donald J. DILL, Respondent.

No. C3–88–1113.

Court of Appeals of Minnesota.

Nov. 1, 1988.

Review Granted Dec. 21, 1988.

Linda J. Theis, Hvass, Weisman & King, Minneapolis, for appellant.

William M. Schade, Somsen, Dempsey & Schade, New Ulm, for respondent.

Heard, considered and decided by NORTON, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a judgment dismissing the appellant's dental malpractice action for failing to timely serve an affidavit identifying expert witnesses as required by statute and for failing to timely file a motion to extend the time for providing the affidavit. We reverse and remand.

### FACTS

On August 20, 1987, appellant Sherry Stern served a summons and complaint asserting dental malpractice claims against respondent Donald Dill. Stern's attorney also served an affidavit which stated the attorney was unable to obtain an expert review as required by Minn.Stat. § 145.682, subd. 2(1) (1986) because Dill allegedly refused to provide Stern's dental records. Stern's complete dental records were not made available to Stern's attorney until mid-November 1987. Stern's attorney served Dill with the required affidavit of expert review on January 28, 1988; the ninety-day limit for serving the affidavit was extended by agreement of the parties.

Stern's attorney did not serve the required affidavit identifying expert witnesses within the 180-day time period which expired on or about February 20, 1988. On March 23, Dill served a notice of motion and motion requesting the district court to dismiss Stern's action because Stern's attorney failed to serve the required affidavit. Stern's attorney served the affidavit identifying an expert approximately four days before the April 15 hearing on Dill's motion.

At the hearing Dill's attorney noted that Stern had not requested an extension either from Dill or the court prior to expiration of the 180-day period and claimed the court therefore was required to dismiss the action with prejudice. Stern's attorney noted that she was not provided with complete dental records until mid-November and argued Stern was entitled to an extension of the time limit "for good cause shown." Stern's attorney alternatively made an oral motion for permission to dismiss Stern's complaint without prejudice so Stern could preserve her complaint and serve "whatever affidavits may be necessary or appropriate under the statute." Stern's attorney also made an oral motion for an extension of the time period.

The court concluded it had no alternative but to grant Dill's motion to dismiss according to the "clear mandate of the statute" because, as of the hearing date, Stern had not submitted a motion to extend the time for providing the affidavit. The court noted that Stern could have filed a motion to extend the time period after she received Dill's motion to dismiss, and that the motion "would have been granted if [Stern] could have shown excusable neglect." However, the court concluded the issue of extension for excusable neglect was not before the court since Stern did not file such a motion. The court granted Dill's motion and dismissed Stern's complaint with prejudice. Stern appeals.

### ISSUE

Did the district court err by dismissing the appellant's action with prejudice after declining to extend the time period within which the appellant was required to serve an affidavit identifying expert witnesses?

### ANALYSIS

Although Stern's attorney did not serve a timely affidavit identifying an expert witness, the district court erred when it concluded it was prohibited from considering the attorney's oral motion for an extension of the 180-day time period. District court procedures are governed by the rules of civil procedure unless specifically excepted by the rules. *See* Minn.R.Civ.P. 1, 81.01(1). Proceedings under Minn.Stat. § 145.682 are

not excepted by the rules. *See* Minn.R.Civ. P. 81.01(1) (Appendix A). Consequently, the district court could have considered Stern's attorney's oral motion under Rules 6.02 and 7.02.

When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.

Minn.R.Civ.P. 6.02.

■ An application to the court for an order generally must be made by written motion. *See* Minn.R.Civ.P. 7.02(1). However, an application for an order may be made orally when the application is "made during a hearing or trial." *See id.* Although Stern's attorney should have submitted a written motion for an extension prior to the April 15 hearing, the attorney's failure to make a written motion did not necessarily preclude the district court from considering the oral motion because the motion was made during a "hearing" as contemplated by Rule 7.02(1). *See Alger v. Hayes,* 452 F.2d 841, 843 (8th Cir.1972) (construing analogous Fed.R.Civ.P. 7(b)(1); a "hearing" within the meaning of Rule 7(b)(1) "is one in which the proceedings are recorded"). *Cf. Witt v. Merrill,* 208 F.2d 285, 286 (4th Cir.1953) (it was sufficient that a motion for a new trial "was made in open court and entered upon the record immediately following the rendition of the verdict"); *Atkins v. Hartford Accident & Indemnity Co.,* 7 Mich.App. 414, 419, 151 N.W.2d 846, 848 (1967) (the trial court did not err in granting the plaintiff's oral motion for summary judgment; written notice is not required when both parties are present at the trial or hearing).

Dill was represented at the April 15 hearing and was afforded an adequate opportunity to contest Stern's motion for an extension, and both the affidavit of expert review and the untimely affidavit identifying an expert witness indicate Stern's injuries may have been caused by Dill's alleged

malpractice. *See Parker v. O'Phelan,* 414 N.W.2d 534, 537 (Minn.Ct.App.1987), *aff'd by an equally divided court,* 428 N.W.2d 361 (Minn.1988) ("The policy behind the rules of civil procedure * * * is to try cases on the merits and seek a just determination of every action."). Although *Dill* may be prejudiced slightly by the delay in this case, we note that part of the delay was caused by Dill's own failure to timely comply with Stern's requests for her dental records.

■ The trial court concluded it had no alternative but to dismiss. However, because we conclude the district court could have considered Stern's oral motion for an extension, we remand this case to the district court to determine whether the failure to serve the required affidavit within the 180–day time period "was the result of excusable neglect." We caution, however, that this opinion is not to be construed as favoring oral motions at trial or hearings and suggest that motions, if clearly not appropriate in oral form, be in writing in accordance with the applicable rules of civil procedure.

## DECISION

We remand this case to the district court to determine whether the appellant's failure to timely serve the required affidavit "was the result of excusable neglect."

Reversed and remanded.